### FERRARA v. LEONE et al.
### No. 14243.

Court of Appeal of Louisiana. Orleans.

Eraste Vidrine, of New Orleans, for appellants.

Jos. A. Casse and Jos. M. Vieages, both of New Orleans, for appellee.

JANVIER, J.

Vincent Ferrara, prior to his death, was the owner of a store situated on the upper lake corner of North Rampart and Panger streets. Two automobiles, one owned and operated by each of the defendants, collided at that corner and one or both of the cars crashed into the posts supporting the shed attached to the store building and extending over the sidewalk. Some of the posts were knocked down and the shed collapsed. This suit has for its object the recovery of the estimated cost of erecting another shed to take the place of the former one. Both defendants are charged with negligence and a solidary judgment is asked against them.

Before the matter was tried below Ferrara died, and, by appropriate proceedings, his heirs were made parties-plaintiff and judgment for $151.63 was rendered in their favor against both defendants, in solido.

Leone was driving his car toward Lake Pontchartrain and was crossing North Rampart street. Whitfield was proceeding up North Rampart street. Leone was, therefore, approaching from Whitfield's left and Whitfield, under the traffic ordinance of the city of New Orleans, No. 7490 C. C. S., was entitled to the right of way, unless, of course, Leone had pre-empted the intersection by entering it sufficiently in advance to have made it evident that Whitfield should have stopped.

We believe that the testimony shows that Leone drove his car in front of Whitfield's when it was too late for the latter to stop and that to this extent he was at fault. On the other hand, Whitfield was evidently proceeding at a speed in excess of that permitted by the ordinance in question and manifestly was not keeping a lookout for other vehicles which might cross or enter the roadway ahead of him. In these particulars he was negligent and his negligence was a proximate cause of the accident because, had he been proceeding at a reasonable speed, or had he been on the alert, he could have stopped before striking the other car, even after its driver evidenced his intention of not yielding the right of way.

Had either driver been careful, no accident would have taken place. Therefore both are legally responsible.

It is not necessary to decide whether both of the cars actually collided with the posts. Since negligence of both drivers contributed to cause the initial collision, each is responsible for the final result.

Such was the view of our brother below, and, as only facts are involved, we could not

reverse the judgment since it is not manifestly erroneous.

The amount of the judgment seems to be warranted by the evidence.

The judgment appealed from is affirmed.

Affirmed. •